# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAWRENCE ALVIN BULLOCK, III,  )
                               )
          Plaintiff,           )
                               )
     v.                        )          1:14CV533
                               )
FORENSIC STAFF FIRST SHIFT,    )
                               )
          Defendant.           )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Lawrence Alvin Bullock, III's[1] application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket Entry 1.) For the reasons that follow, the Court will grant Plaintiff IFP status for the sole purpose of entering this Order and recommend that the Complaint be dismissed as frivolous.

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.,* 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer,* 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis in either law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *see also Nagy v. Federal Med. Ctr. Butner,* 376 F.3d 252, 256-57 (4th Cir. 2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical

---

[1] Plaintiff appears to be involuntarily committed at Central Regional Psychiatric Hospital in Butner, North Carolina. (*See* Complaint at II, Docket Entry 2.)

definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557). *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

The Complaint seeks an order compelling Defendant to return a gold medal and a social security check. Plaintiff previously filed a similar Complaint against Central Regional Psychiatric Hospital and the Department of Health and Human Services which the

undersigned recommended dismissal of the action as frivolous. (*See* Order & Recommendation, *Bullock v. Dep't of Health and Human Services*, No. 1:14-cv-472 (M.D.N.C. Oct. 27, 2014.) Again, the undersigned concludes that the Complaint in the instant action is irrational and devoid of factual allegations sufficient to assert a claim of relief against named Defendant. Thus, Plaintiff's Complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

Accordingly, **IT IS ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order. **IT IS RECOMMEDED** that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Joe L. Webster
United States Magistrate Judge

November 4th, 2014
Durham, North Carolina